UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X

RYAN SLAUGHTER,

                                           Civil No:

         Plaintiff,

                                 **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

-against-

                                 **DEMAND FOR JURY TRIAL**

CENTRAL CREDIT SERVICES

         Defendant.

-------------------------------------------------------------------X

Plaintiff RYAN SLAUGHTER, ("Plaintiff"), by and through attorneys, Marcus & Zelman, LLC, brings this Complaint against the Defendant CENTRAL CREDIT SERVICES (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

**PARTIES**

4. Plaintiff is a natural person who reside in Willingboro, New Jersey.
5. Defendant is a collection agency with an office at 9550 North Regency Square Boulevard, #602, Jacksonville Florida 32225

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331.
7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

9. Sometime around September of 2016, the Plaintiff allegedly incurred a debt to First Premier Bank.

10. At or around that time, First Premier Bank began calling the Plaintiff's cellular telephone in an attempt to collect that debt.

11. Plaintiff answered one of those calls and demanded that First Premier Bank stop calling her cellular telephone.

12. First Premier Bank stopped calling the Plaintiff.

13. Sometime thereafter, First Premier Bank hired the Defendant to attempt to collect the alleged debt.

14. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with via the use of an automated telephone dialing system and prerecorded messages by calling Plaintiffs cellular telephone phone number of (609) 832-8698 in an attempt to collect the alleged debt.

15. Plaintiff is the customary and sole user of the cellular phone number (609) 832-8698.

16. The Defendant called from numerous phone numbers, including but not limited to 844-357-1040.

17. Plaintiff never gave the Defendant consent to call his cellular phone with an automatic dialing system and/or pre-recorded message, and if any consent was

given, it was properly revoked when she notified First Premier Bank that she did not want to be called anymore.

18. On or about October of 2016, Plaintiff answered one of these calls and notified the Defendant that she had no money and asked to be removed from their calling list. The representative agreed to remove her number.

19. Despite this, the Defendant continued to call the Plaintiff with an automated telephone dialing system and/or prerecorded message.

20. The calls have continued, on occasion several times a day, and at all times of the day.

21. Every time the Plaintiff answered one of these calls, she heard a pre-recorded message prior to a live representative coming on line.

22. In addition, the Defendant left several voicemails with a pre-recorded message.

23. The calls were coming in while the Plaintiff was at work, at home, and late evenings.

24. Defendant's use of an automated telephone dialing system was indicated by the fact that no customer service representative was on the line immediately when the Plaintiff would answer a call from the Defendant, and because on occasion Plaintiff would hear a pre-recorded message when he answered.

25. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

26. Plaintiff suffered actual damages because the Defendant's calls caused the Plaintiff

to be deprived of the use of his cellular phone during the times that the Defendant was calling, depleted the battery life of the cellular telephone, and by invading on the Plaintiffs' right to privacy and seclusion (the very harm that Congress sought to prevent).

27. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiffs day and wasted the Plaintiffs time spent answering and otherwise addressing these repeated phone calls.

28. Defendant's communication efforts attempted and/or directed towards the Plaintiffs violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

29. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

30. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

32. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

33. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is

entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendants as follows:

A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: April 03, 2017

Respectfully submitted,

*/s/ Yitzchak Zelman*
Yitzchak Zelman
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:   (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 3, 2017

                                        */s/ Yitzchak Zelman*_____
                                        Yitzchak Zelman, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 3, 2017

                                        */s/ Yitzchak Zelman*_____
                                        Yitzchak Zelman, Esq.